UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

SCOTT LUPIA,

:

:

Plaintiff,

:

:

-v-

:

:

NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,

:

:

Defendant.

:

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2022

21-cv-11077 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant New Jersey Transit Rail Operations, Inc. ("Defendant" or "New Jersey Transit") moves, pursuant to Federal Rule of Civil Procedure 14, to file a third-party complaint. Dkt. No. 26. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Scott Lupia ("Plaintiff" or "Lupia") brings this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.*, for injuries he suffered while in the employ of New Jersey Transit as a locomotive engineer. Dkt. No. 1. He alleges that New Jersey Transit failed to provide him with a reasonably safe place to work in violation of FELA and failed to comply with applicable federal safety statutes and regulations when it ordered him to operate a passenger train while knowing that the temperature in the small control cab in which he was located was 114 degrees Fahrenheit. *Id*. ¶¶ 13, 18. As a result, Lupia suffered heat exhaustion with loss of consciousness, a severe concussion with post-concussion syndrome, traumatic perilymph fistulas, and cervical disc herniation with C4-5 and C50-6 anterior cervical fusion surgery. *Id*. ¶ 18.

On October 11, 2022, Defendant filed this motion for leave to serve a third-party complaint against proposed third-party defendants Joel Lehrer, MD ("Lehrer"), and the Sovereign Medical Group ("Sovereign," together with Lehrer, "Third-Party Defendants").  Dkt. No. 26.  Defendant alleges that as a result of Plaintiff's accident, he sought medical treatment from proposed Third-Party Defendants, that they failed to exercise the degree of care and skills required of them in the treatment of Plaintiff, and that they consequently caused Plaintiff severe injuries.  Dkt. No. 26-1 at 73 ¶¶ 5–8.  Defendant alleges that to the extent that Plaintiff seeks damages from Defendant, it is entitled to indemnification by contribution from the proposed Third-Party Defendants as joint tortfeasors.  *Id*. ¶ 8.

The proposed third-party complaint grows out of testimony given by Plaintiff at his August 5, 2022 deposition that after Plaintiff saw Lehrer at the recommendation of his doctor, Lehrer caused damage to Plaintiff's ear during surgery which caused Plaintiff to lose hearing in an ear.  Dkt. No. 26-1 at ECF p. 34.  On September 28, 2022, Defendant received the report of an independent medical examination conducted on Plaintiff on September 12, 2022.  That report stated the opinion of the independent medical examiner that:

> [W]ithin a reasonable degree of medical probability, . . . [Plaintiff's] current neuro-otologic symptoms . . . are primarily on the basis of an abrupt loss of right inner ear hearing and balance function and subsequent placement of a right cochlear implant.[]  The abrupt loss of right inner ear hearing and balance function was  a[] result of a right, posterior, semicircular canal injury that occurred during his endolymphatic sac surgery of 10/12/2021 [performed by Lehrer].

*Id*. at ECF p. 43; *see also id*. at ECF p. 26 (Lehrer's report on Plaintiff's 10/12/2021 surgery). Another of Defendant's medical examiners concluded that Plaintiff's "[d]izziness and vertigo were exacerbated and transformed after his ear surgery."  *Id*. at ECF p. 70.  Defendant thus argues that as a result of recently received expert reports, the actions of Lehrer substantially contributed to Plaintiff's alleged damages.  Dkt. No. 26-2 at 1.

Defendant argues that it should be permitted to file the proposed third-party complaint because Lehrer and Sovereign may be liable for a significant portion of damages sought by Plaintiff against New Jersey Transit in the main action.  Dkt. No. 26-2 at 4.  It asserts that it acted expeditiously in making this motion within a month of receiving the expert reports, that allowing it to assert its third-party complaint would not unduly delay or complicate the trial in this action, that the additional discovery in connection with the proposed third-party claim would be more efficient and economically undertaken in this case than in a subsequent suit by Defendant against Lehrer and Sovereign, and that the proposed Third-Party Defendants would not be prejudiced by being added to the action.  *Id*. at 4–6.  Defendant further highlights that the complaint in the main action was filed less than ten months ago on December 27, 2021.  *Id*.

Plaintiff opposes the motion.  Dkt. No. 29.  He argues that impleader of the proposed Third-Party Defendants will unduly delay and complicate the trial.  *Id*. at 3–5.  He first contends that proposed Third-Party Defendants will be entitled to challenge the suit on multiple grounds, including on the basis of pleading requirements, all leading to significant delay.  *Id*. at 3–4.  He then argues that the main action under the FELA is relatively straightforward, "focus[ing] on only three topics: (1) liability for the railroad's negligence under FELA; (2) the condition of the locomotive with its inoperable air conditioning unit under both FELA and the Locomotive Inspection Act; and (3) plaintiff's resulting damages," and that addition of a New Jersey medical malpractice claim will require extensive discovery to generate detailed and complex evidence, leading to further delay and a more complicated trial.  *Id*. at 4–5.  Finally, Plaintiff argues that he would be prejudiced as impleading the Third-Party Defendants to this action would delay his remedy.  *Id*. at 6.  Defendant, however, would not be prejudiced if this Court denied Defendant's

motion, as it could still seek contribution from the proposed Third-Party Defendants if there is a money judgment in favor of Plaintiff. *Id.*

In addition, Plaintiff points out that under FELA, the railroad is responsible for the full amount of any injury it caused "in whole or in part" and that there is no apportionment of damages under FELA. *Id.* at 7–8 (citing *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 165–66 (2003)). Under that principle, the railroad is liable for any added injury caused by the malpractice of a treating physician. *See Comeaux v. Southern Pac. Transp. Co.*, 609 F.2d 793, 795–96 (5th Cir. 1980); *see also* Restatement (Second) of Torts § 457 (Additional Harm Resulting From Efforts to Mitigate Harm Caused by Negligence) ("If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent matter.").

Finally, Plaintiff argues that Defendant has failed to plead a viable third-party claim against the Third-Party Defendants. *Id.* at 10–11. In particular, Plaintiff argues that Defendant does not plead how it obtains standing to assert a medical malpractice injury on behalf of Plaintiff and how it complies with New Jersey's Joint Tortfeasor Contribution Law. *Id.* Because there is no enforceable judgment against Defendant, Plaintiff argues that Defendant does not have standing to assert any contribution claim under New Jersey law. *Id.* at 12.

## DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). But if more than 14 days have elapsed since the defendant has filed its original answer, the defendant must proceed by motion and obtain leave of court. *Id.* "Courts consider four factors in evaluating a defendant's motion to file

a third-party complaint: (1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would unduly delay or complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the third-party complaint states a claim upon which relief can be granted." *Olin Corp. v. Lamorak Ins. Co.*, 2017 WL 6398632, at *2 (S.D.N.Y. Nov. 29, 2017) (citing *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003)). "Courts also consider whether impleader would prejudice the plaintiff." *Id.*; *see also Warboys v. SHI-III Briarcliff Reit, LLC*, 2020 WL 13561282, at *2 (S.D.N.Y. July 27, 2020) (same). "The general purpose of the rule was to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment is his favor against the third-party defendant." *Dery v. Wyer*, 265 F.2d 804, 806–07 (2d Cir. 1959) (internal citations and quotations omitted). "[T]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." *ACE Am. Ins. Co. v. Sprain Assocs., LLC*, 2021 WL 1687277, at *4 (S.D.N.Y. Apr. 29, 2021) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)). "The court must balance the benefits derived from impleader—that is, the benefits of settling related matters in one suit—against the potential prejudice to the plaintiff and third-party defendants." *Gross v. Hanover Ins. Co.*, 138 F.R.D. 53, 55 (S.D.N.Y. 1991) (citation omitted).

Permitting impleader in this case would unduly delay and complicate the trial of this action without providing any appreciable benefits in terms of judicial efficiency. It would prejudice the Plaintiff and potentially also the proposed Third-Party Defendants. This case is far progressed. Discovery has been completed and the case is scheduled for trial. *See*, *e.g.*, *Hicks v.*

*Long Island R.R.*, 165 F.R.D. 377, 379 (E.D.N.Y. 1996) (finding prejudice when impleader would delay trial, plaintiff was nearing the time period of no longer being paid by railroad employer, and discovery was nearly completed).  Were Defendant permitted to implead Lehrer and Sovereign, there would be a need for additional discovery.  The proposed Third-Party Defendants would have the right to take the deposition of the Plaintiff, to delve into his medical history, and to obtain a medical examination.  Defendant would need to take the depositions of Lehrer, personnel from Sovereign, and potentially other third-party witnesses who could speak to Plaintiff's injuries and the causes of those injuries.  In addition, there would need to be time for expert discovery on both sides.  New Jersey Transit would proffer a witness on the standards of medical care and the proposed Third-Party Defendants' alleged failure to comply with those standards.  The proposed Third-Party Defendants would proffer experts on those same subjects. Each side would have the right to take the depositions of the experts for the other side.  Several depositions have been taken in this case. Dkt. No. 19.  Those depositions likely would have to be reopened.  *See Middle Mkt. Fin. Corp. v. D'Orazio*, 1998 WL 872412, at *2 (S.D.N.Y. Dec. 15, 1998) (denying impleader in part because "[g]ranting the motion would require the re-opening of discovery and the continuation of all depositions previously completed"); *Lombardo v. Greyhound Lines, Inc.*, 179 F.R.D. 83, 86 (D. Conn. 1998) (finding that deadlines for "conducting depositions, for providing expert reports and final exhibit lists ha[d] expired" and thus there was prejudice to both plaintiff and third-party defendant).  The proposed Third-Party Defendants would have the opportunity to move on the pleadings and the parties could also file dispositive motions following discovery.  *Int'l Med. Tech., Inc. v. Lintech, LLC*, 203 F.R.D. 90, 92 (S.D.N.Y. 2001) (noting that trial would have to be adjourned because third-party defendant could "make a motion directed to the pleadings and the parties could make further dispositive

motions once all discovery was finally completed"); *Middle Mkt. Fin. Corp. v. D'Orazio*, 1998 WL 872412, at *2 (S.D.N.Y. Dec. 15, 1998) (stating that "the proposed third-party defendants would also have to be given an opportunity to make any dispositive motions they deemed appropriate"). Trial of the case likely would be delayed for a year, or more. *See Beneway v. Superwinch, Inc.*, 2002 WL 59384, at *3 (N.D.N.Y. Jan. 3, 2002) (concluding similarly that a "case could reasonably be delayed a year or longer" in part on the basis of additional discovery, expert witness disclosure, and filing of a motion to dismiss by third-party defendant).

The addition of medical malpractice allegations against the Third-Party Defendants would unduly complicate the case and would undermine, rather than enhance, judicial efficiency. Although the Court has the power to entertain Defendant's third-party action for contribution, *Ayers*, 538 U.S. at 162, on the facts before the Court, the interests in preventing the "reduplication of evidence" and in ensuring "consistent results from identical or similar evidence," *Dery*, 265 F.2d at 806–07, are not particularly strong in this case. By congressional design, FELA cases are relatively straightforward and uncomplicated as "FELA does not authorize apportionment of damages between railroad and nonrailroad causes." *Ayers*, 538 U.S. at 159–60. "[T]he inquiry in these cases . . . rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 508 (1957). The issues in the medical malpractice third-party claim are more complex and, for the most part, do not overlap those with respect to the FELA claim. *See Crews v. Cnty. of Nassau*, 612 F. Supp. 2d 199, 218 (E.D.N.Y. 2009) (Bianco, J.) (finding delay and prejudice even where discovery was already underway, and impleaded contribution claim based on legal malpractice would implicate "complex issues" and "discovery issues . . . that would otherwise not be necessary" in the main

action).  Whether the proposed Third-Party Defendants were negligent  would be irrelevant.  *See* Restatement (Second) of Torts § 457.  Thus, a lengthy discourse into the standards of care for doctors in Lehner's profession and whether he complied with those standards would "vastly complicate adjudication" and be inconsistent with FELA's "overall recovery facilitating thrust." *Ayers*, 538 U.S. at 161, 165.  Given the absence of overlap of the principal issues in the main case and in Defendant's proposed third-party case, there would be no judicial efficiency from combining the two actions.  *See Schwabach v. Mem'l Sloan-Kettering Cancer Ctr.*, 2000 WL 122203, at *3 (S.D.N.Y. Jan. 31, 2000) (finding that "interest in judicial economy" is not advanced when it "when the claims asserted against the third party only complicate the case by adding entirely new factual and legal issues unrelated to plaintiff's underlying claim").  Combining the cases raises the specter of confusing the issues and wasting the time of the jury. *Cf.* Fed. R. Evid. 403.  Defendant "can seek contribution or indemnification from the third parties in a separate action in the event that [Plaintiff] recovers."  *Hicks*, 165 F.R.D. at 380.

## CONCLUSION

Defendant's motion to file a third-party complaint is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 26.

SO ORDERED.

Dated: October 31, 2022
        New York, New York

LEWIS J. LIMAN
United States District Judge

8